Michael Kuris and Helmi Kuris v. Commissioner.
Kuris v. Commissioner
Docket No. 55821.
United States Tax Court
T.C. Memo 1956-163; 1956 Tax Ct. Memo LEXIS 129; 15 T.C.M. (CCH) 854; T.C.M. (RIA) 56163; July 10, 1956
*129 Louis Wilk, Esq., 276 Fifth Avenue, New York, N. Y., for the petitioners. Robert Bevan, Esq., for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in income tax for 1952 in the amount of $696.72. All the facts agreed to by the parties in a written stipulation submitted to the Court as well as facts stipulated orally at the hearing are incorporated herein by reference as part of our findings. [Findings of Fact] Petitioners are husband and wife. They reside in New York City and filed their joint income tax return for 1952 with the collector of internal revenue for the third district of New York. Michael Kuris will hereinafter be referred to as petitioner. The only question for decision is whether petitioner was "away from home" in connection with his work during certain periods in 1952 and therefore entitled to deduct expenses for travel, board and lodging. He has been a plumber for many years, and he and his wife have resided together in New York for over thirty years. She has been employed since 1942 in New York. Petitioner's practice in obtaining work was to go to the "Day Room" of his *130 union in New York, and the union representative would assign him to a specific job. In 1952 he worked on three such jobs. The first one was in Rantoul, Illinois, where he worked about a day in early January, having commenced work there in September 1951. The job was in connection with the construction of certain barracks and mess halls. He then returned to New York, and was referred by the union representative to a job on another construction project in Dana, Indiana. He worked in Dana about five weeks, and again returned to New York. He was then referred to still another construction job in Paducah, Kentucky, involving an atomic installation. His work in Paducah lasted about a year or fourteen months, beginning April 18, 1952. He returned to New York when he was laid off. [Opinion] We are satisfied on the evidence that petitioner's employment in Rantoul, Dana, and Paducah, was obviously of a temporary nature, that his home was in New York, and that he is therefore entitled to deduct the $2,350 which the parties have stipulated was expended by him for travel, board and lodging in connection with these jobs. Decision will be entered under Rule 50.